# SUPREME COURT.

## GRAHAM agt. MILLIMAN.

Where a case has been tried without a jury, or by a referee, a review upon the evidence appearing upon the trial, either of the questions of *fact or of law*, can be heard before a special term; such terms having power to grant or refuse a new trial.

Such *review* is brought before the court by a case made and settled according to the rules of the court.

A *bill of exceptions* taken on the trial, or in pursuance of § 268 and 272 of the code, is parcel of the record, and can be heard only on appeal at a general term.

A case reserved under § 264, 265, can be heard only at special term, either upon the judges' notes or upon a case as he shall direct.

A *rehearing* is a proceeding different from a bill of exceptions, case reserved, or motion for a review, and is to be understood in the sense in which the term was used prior to the code.

What costs are recoverable on the case reserved, motion *for review*, or rehearing ?   *Quære.*

(*This case accords with the views taken in Leggett agt. Mott, ante, page 325; and Lusk agt. Lusk, ante, page 418.*)

### At chambers, July 22, 1850.

WILLARD, Justice.—This is an application for an order to stay proceedings, on a judgment upon the report of referees, with a view to move at the next special term in Washington county, for a rehearing or new trial, in pursuance of section 272 of the code.   It involves the question, whether the court at a special term, can grant a rehearing, or a new trial on a case, after a trial and judgment by referees ?

The code provides *four* ways by which, in actions pending in the Supreme Court, the decision of the tribunal by which they are first tried may be examined.   *First, by appeal.*   This enables the court, at a general term, by means of a bill of exceptions, to correct the errors in matters of law, committed by a single judge, either at the circuit, or on a trial without a jury, or by a referee to whom the whole issue has been referred. (Code, § 348, 268, 272.)   This appeal is a substitute for a writ of error, in actions at law under the former practice, and takes the place of the former appeals in the Court of Chancery, from first decrees.   The rules which regulate the practice are 18, 19, 27, 32, and perhaps some others. This remedy cannot be pursued until *after* judgment, and reaches substantial defects of the record.   *Secondly, by case reserved for argument, or further consideration, under sections* 264, 265.   This applies to causes tried by jury, and must be moved for *before* judgment.   The judge who reserves the cause, if he be the one who hears the argument, by necessary implication has the power to set aside the verdict and grant a new trial.

The last paragraph of rule 31 was designed to regulate the practice in this respect; and although the code and the rule are both silent on the subject, it is believed that a case, thus reserved, may be heard before any other judge holding a special term, with the like power of granting or refusing a new trial. If made at the same term of the trial, before the judge by whom the cause was tried, the argument will generally be made upon the judge's notes. But should there be an appeal to the general term, from the judge's order in granting or refusing a new trial, a case must be prepared according to the rule. *Thirdly, by a motion for a review upon the evidence appearing on trial, either of the questions of fact or of law*, on a trial by the court, where a trial by jury has been waived, and on trial by referees. (Code, § 268, 272.) The 15th and 24th rules, as originally drawn, were designed to regulate this practice. This motion is not made until after judgment. And *fourthly, by a re-hearing granted by the court*, in which the judgment is entered, under the last clause of § 272. This applies only to cases in which the whole issue has been determined, on a trial by referees. The rules of the Supreme Court make no specific provision for this last class of cases, but they are left to be regulated by the code, and the general analogies of the practice. The 92d rule adopting the customary practice, in cases not provided for, is applicable.

The power of setting aside a verdict obtained irregularly, or by surprise, and of granting a new trial, on the ground of newly discovered evidence, belongs also to the special term, but these remedies are not material to be noticed in this connection.

The question whether a motion for a " review upon the evidence appearing on the trial, either of the questions of law or of fact," can be heard at a special term, was discussed at the convention of the judges who revised the rules in August, 1849. Some of the judges were of opinion that this is a different proceeding from a bill of exceptions, provided for in the first clause of the same section, 268, and was to be heard at a special term, whether the cause sought to be reviewed had been tried before the court, without a jury, or by referees. This was my own opinion. The 24th rule, as reported, did not prescribe before what court the question should be argued, it being supposed by me that the code contemplated that it should be had at the special term; a majority thought otherwise; and the clause requiring such case to be heard only on appeal at a general term, was adopted and inserted in the rule. If this clause be in conflict with the code, as I think it is, it must of course give way.

Some of these questions have recently been decided in the Superior

Court and Court of Common Pleas of New York, substantially in conformity to the views of the minority of the judges, at the last general meeting. The case of *Leggett* v. *Mott* (4 Howard, 325,) in the Superior Court, and *Harting* v. *McKinley* (3 vol. Code Reporter, 10,) in the New York Common Pleas, are in the main a correct exposition of the practice. I cannot concur with brother GRIDLEY, in *Pepper* agt. *Goulding*, (4 Howard, 310.) where he differs from the foregoing views of the law. His observations on the questions above considered, though entitled to great weight, were not necessary to a decision of the cause before him, inasmuch as the defendant had appealed; and he clearly could not be entitled to an appeal to the general term, and prosecute, at the same time, a motion for a new trial at a special term, or apply for a re-hearing. By bringing an appeal he had made his election of remedies.

The clause which allows a party to apply for a re-hearing, in a cause tried before referees, (§ 272,) was not in the original report of the commissioners on practice and pleading, nor was it in the code of 1848. It was an addition made to the section by the judiciary committee of the senate when the amended code of 1849 was adopted. In effect it gave one more remedy to correct the errors of referees, than it did to correct those of the court, when trying the cause without jury. The Legislature, we must presume, meant something different by the term *re-hearing*, from a *review upon the evidence*. Having used a technical term of well-known signification, without any intimation that a different meaning was intended to be affixed to it, the inference is that it should retain its technical meaning. It was probably intended to apply only to that class of cases which were formerly of equitable cognizance. Such actions are now generally tried without a jury by the court, or are referred to a sole referee to hear and determine. The re-hearing of a cause in chancery was a practice well-known to the profession. The Legislature may, perhaps, have been willing to retain it, as a cumulative remedy, when the action was tried by a referee; and as the distinction between actions at law and suits in equity was expressly abolished by § 69, the remedy thus retained, became applicable to all actions tried by referees, whatever the subject of controversy. It will never be necessary to apply for a re-hearing, except in cases where that would have been the appropriate remedy under the former practice. In most cases, the bill of exceptions will enable the complaining party to correct, on appeal, the errors of law, and a case will enable him to review, before a special term, subject to appeal to the general term, the questions either of fact or law, which may have arisen on the trial.

That a re-hearing should be applied for at a special term, rather than at a general term, is most consistent with the whole structure and plan of the code. It is the special term by which the referee is appointed. That term has power to render judgments and grant new trials. No judgment is entered at a general term, except on appeal. The judges at their general convention might, no doubt, by general rules, have imposed terms on granting a re-hearing and limited the time within which it might be granted. But they declined altogether making any new rules on the subject. As the 92d rule was intended to apply the customary practice of the former Court of Chancery and Supreme Court in cases not provided for by statute, or the written rules of the court, and as neither the code or the rules make any specific provision for the practice on moving for a rehearing, the special term will doubtless be governed, in acting upon these applications, by the former practice as indicated by the late rules in equity, number 78, 79 and 80, as far as they are not inconsistent with the present practice.

If the construction of the code, in the foregoing particulars, be correct, one consequence will be the increase of business at the special term. A party dissatisfied with the result of a trial will ask for a review, or a re-hearing, as the case may be; and as either of these remedies may be sought without giving security, they will generally be resorted to before an appeal. The conclusive answer to this objection is, that the fault, if it be a fault, is in the system and not in the courts. But in truth it does not essentially differ from the former practice. A motion for a new trial upon a case, could in most actions be made before the circuit judge, without giving bail. Such motion was made without bail, to set aside the report of referees, or the verdict of a jury, or a non-suit when the motion was made, in the first instance, in the Supreme Court. The judges may diminish the abuse by withholding an order to stay proceedings, when there is no probable cause for disturbing the decision below. The business of the general term will probably be diminished nearly in the same proportion as that of the special terms are increased.

Another correction of the abuse will be found in the fact, that to a great extent a motion for a review or re-hearing, and on a case reserved, must be at the expense of the moving party, without a prospect of re-imbursement from the adverse party. The fee bill makes no specific allowance for drawing cases, engrossing same, &c., nor for the argument before the special term. Such argument cannot be treated as a trial of an issue, so as to entitle counsel to the fee allowed by § 307. The definition of the terms issue and trial (§ 248, 252) precludes such construc-

tion. A sum not exceeding ten dollars, may perhaps be allowed under § 315. The application for a new trial before a special term, is a motion, (§ 400, 401,) and perhaps in difficult or extraordinary cases, the prevailing party may be compensated by an extra allowance under § 308. It is obvious that the Legislature have held out no temptation to abuse on the score of costs, unless the fact of being relieved from the hazard of paying costs on failure, shall prove to be such temptation.

As there is probable cause for staying proceedings in this cause to enable the party to move, at special term, for a rehearing, or new trial, I shall grant the order.